UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81740-CIV-MARRA/MATTHEWMAN

OSCAR SANCHEZ, and other similarly
situated individuals,

Plaintiff,

vs.

A & A PEREZ TRUCKING, INC.,
JUAN A. PEREZ, and WASTE MANAGEMENT
INC. OF FLORIDA,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Complaint or, Alternatively, for Summary Judgment or, in the Alternative, Motion for Remand Count III (DE 18). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Oscar Sanchez ("Plaintiff") has filed a Complaint against Defendants A&A and Juan Perez ("Perez") (collectively, "Defendants") for a violation of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 201 et seq. against A&A (count one); a FLSA claim against Perez (count two); a violation of worker's compensation retaliation pursuant to Florida Statute § 440.205 against A&A (count three); intentional infliction of emotional distress against A&A and Perez (count four) and negligent supervision, training and retention against A&A (count five).[1]

---

[1] Plaintiff had also brought a claim against Defendant Waste Management of Florida for negligent selection and retention (count six), but this claim was voluntarily dismissed. (DE 31.)

(Compl, DE 1.)

According to the allegations of the Complaint, A&A is a Florida corporation and is in the business of transporting garbage. (Compl. ¶ 3.) Perez was Plaintiff's direct supervisor and owner of A&A. (Compl. ¶ 11.) A&A is an enterprise engaged in commerce or in the production of goods for commerce. (Compl. ¶ 40.)

Plaintiff worked for A&A and Perez from November of 2015 until August 12, 2016. (Compl., ¶ 10.) Throughout his employment, Plaintiff worked approximately 60 hours per week and was never paid overtime. (Compl. ¶ 13.) On or about July 30, 2016, Plaintiff suffered a work-related injury and sought workers compensation. (Compl. ¶ ¶ 17, 60.) After being diagnosed at the hospital with an injury, Perez terminated him. (Compl. ¶ 31, 35.)

Defendants move to dismiss, claiming that the Complaint fails to plead FLSA enterprise coverage because A&A does not have two or more employees and only conducts business in Palm Beach county.  With respect to individual coverage, Defendants contend that the Complaint is devoid of any allegations that Plaintiff was involved individually in interstate commerce. With respect to count three, Defendants seek remand of this claim to state court.  Although Defendants move to dismiss pursuant to Rule 12(b)(6) and alternatively move for summary judgment, Defendants also claim to be moving to dismiss for lack of subject matter jurisdiction, and rely on affidavits.

Plaintiff responds that whether enterprise or individual coverage exists is an element of the claim and does not relate to subject matter jurisdiction.  Therefore, the Court can only consider the allegations of the Complaint, and not the evidence provided by Defendants. Further, Plaintiff contends that summary judgment is inappropriate prior to Plaintiff being allowed to

conduct discovery.

   II.  Discussion

The Court must first address whether Defendants' arguments fall under the rubric of Rule 12(b)(1) (lack of subject matter jurisdiction) or 12(b)(6) (failure to state a claim).  The Complaint properly invokes federal subject matter jurisdiction under 28 U.S.C. § 1331.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.")

In  determining whether or not Defendant is an enterprise covered by the FLSA, courts have stated that this is an issue regarding the merits of the claim, and not the court's jurisdiction.  See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 8:07-cv-2359-T-23TGW, 2008 WL 793660, at * 1 n.2 (M.D. Fla. Mar. 24, 2008) (citing Arbaugh, 546 U.S. at 516 ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (applying Arbaugh to hold that whether employer is an enterprise engaged in commerce or the production of goods for commerce within the meaning 29 U.S.C. § 203(s)(1)(A) is not jurisdictional); Hopkins v. Cornerstone America, 512 F. Supp. 2d 672, 681 (N.D. Tex. 2007) (applying Arbaugh to hold that whether the plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) "does not affect federal-court subject-matter jurisdiction but, instead, 'delineates a substantive ingredient' of Plaintiffs' FLSA claims for relief."); Velez v. Vassallo, 203 F. Supp. 2d 312, 330 (S.D.N.Y.2002) (contention that employer is not a covered enterprise within the meaning of 29 U.S.C. § 203(s)(1)(A) "goes to the merits of the claims against it and not to the jurisdiction of the court"); Rivera v. Heights Landscaping, Inc., No.

03C6428, 2004 WL 434214, at *1 (N.D. Ill. Mar. 5, 2004) ("Whether plaintiffs fall within the protection of the FLSA is an issue regarding the merits of their claims, not the court's jurisdiction.").

Furthermore, the Eleventh Circuit has cautioned that "the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." Turicos v. Delicias Hispanas Corp., 275 F.App'x 879, 880 (11th Cir. 2008) (quotations marks, brackets and italics omitted) (reversing district court's dismissal of FLSA claim for lack of subject matter jurisdiction under Rule 12(b)(1)).  Otherwise, the Rule 56 standard, not the Rule 12(b)(1) standard, should be used. Id. at 880-81.  In other words, the proper course of action is to find that jurisdiction exists, treat the challenge to enterprise coverage as an attack on the merits of the case, and resolve the motion applying the standards applicable to a motion for summary judgment under Rule 56.  See id. at 882 n. 5, 883.

At this early stage in the proceeding, however, the Court finds that summary judgment is not appropriate.   In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record."  WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).   Given that the discovery deadline is July 3, 2017 and the dispositive motion deadline is August 3, 2017, the Court finds the parties have not had an adequate opportunity to engage in discovery.  Finally, to the extent Defendants seek dismissal pursuant to Rule 12(b)(6), their arguments are based upon the affidavit of Perez (Mot. at 4), which the Court cannot consider on a motion to dismiss pursuant to Rule 12(b)(6).  See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (at the motion to dismiss stage the Court cannot look beyond the four corners of the Complaint).

Lastly, Defendants request that the worker's compensation claim pursuant to Florida Statute § 440.205 be remanded for lack of subject matter jurisdiction and rely upon 28 U.S.C. § 1445(c) which provides that workers compensation claims cannot be *removed* to the district court.  28 U.S.C. § 1445(c).  This case, however, is an original action and was not removed from state court.  Thus, Defendants' application for remand is denied.[2]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint or, Alternatively, for Summary Judgment or, in the Alternative, Motion for Remand Count III (DE 18) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of February, 2017.

KENNETH A. MARRA
United States District Judge

---

[2] In its reply memorandum, Defendants raise for the first time the argument that the Court should not exercise supplemental jurisdiction over the worker's compensation retaliation claim. The Court will not consider an argument raised for the first time in a reply memorandum. In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009); Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n. 16 (11th Cir.1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief) (citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir.1984)).